UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| ANDREA PAUL, | FRCP RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT |
| Plaintiff, | |
| -against- | 18 Civ. 2 |
| ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK; CATHOLIC CHARITIES COMMUNITY SERVICES, ARCHDIOCESE OF NEW YORK; KIM DEMPSEY; JOY JASPER; YOMARA HERNANDEZ; and MICHAEL FAVATA | **JURY TRIAL DEMANDED** |
| Defendant. | |

------------------------------------------------------------------------x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising, *inter alia*, out of the violation of Fair Labor Standards Act and New York Labor Law for Defendants' (1) failure to pay Plaintiff and other similarly situated employees overtime wages, and (2) failure to pay Plaintiff and other similarly-situated employees wages due.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

2. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Andrea Paul ("Ms. Paul") is a resident of the County of Queens, State of New York.

6. Upon information and belief, Defendant Roman Catholic Archdiocese of New York ("RCANY") is a not-for-profit organization organized and existing under the laws of the State of New York.

7. RCANY is a religious organization, with its principal place of business located at

8. Upon information and belief, Defendant Catholic Charities Community Services, Archdiocese of New York ("Catholic Charities") is a domestic not-for-profit corporation organized and existing under the laws of the State of New York.

9. Catholic Charities has a principal place of business located at 1011 First Avenue, New York, New York.

10. Upon information and belief, at all times relevant herein, Defendant Kim Dempsey is/was the Chief Financial Officer with Defendants RCANY and Catholic Charities.

11. At all times relevant herein, Defendant Dempsey possessed operational control over Defendants RCANY and Catholic Charities, and controlled significant functions of the businesses.

12. Upon information and belief, at all times relevant herein, Defendant Joy Jasper is/was the Human Resources Director with Defendants RCANY and Catholic Charities.

13.	At all times relevant herein, Defendant Jasper possessed operational control over Defendants RCANY and Catholic Charities, and controlled significant functions of the businesses.

14.	Upon information and belief, at all times relevant herein, Defendant Michael Favata is/was the Human Resources Director, Assistant Treasurer, and Controller with Defendants RCANY and Catholic Charities.

15.	At all times relevant herein, Defendant Favata possessed operational control over Defendants RCANY and Catholic Charities, and controlled significant functions of the businesses.

16.	Upon information and belief, at all times relevant herein, Defendant Yomara Hernandez is/was the Human Resources Director with Defendants RCANY and Catholic Charities.

17.	At all times relevant herein, Defendant Hernandez possessed operational control over Defendants RCANY and Catholic Charities, and controlled significant functions of the businesses.

## STATEMENT OF FACTS

18.	Ms. Paul began working with Defendants RCANY and Catholic Charities since approximately 2002.

19.	Catholic Charities was created and is controlled by RCANY.  Through Catholic Charities, RCANY provides goods and services to communities throughout the New York City area.

20.	Defendants RCANY and Catholic Charities are engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce (including medical

equipment), and have an annual gross volume of sales made or business done that exceeds $12,000,000.00 dollars.

21. RCANY and Catholic Charities does the foregoing by engaging in ordinary commercial activities that result in sales made or business done. RCANY and Catholic Charities control a vast web of 90 agencies and organizations that engage in various businesses, including day care centers, community centers, after-school centers, adoption services, counseling, and addiction services. RCANY and Catholic Charities exercises control over these agencies and organizations.

22. Revenue from these programs and services flows to RCANY and Catholic Charities.

23. The individual defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship with Ms. Paul and similarly situated employees such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

24. Further, the individual defendants controlled, *inter alia*, Paul's assignments, the number of hours she worked, and her rate of pay.

25. Since approximately 2011, Ms. Paul has worked as a Payroll Coordinator and then a Senior Payroll Coordinator. Her duties are clerical in nature, and include checking payroll timesheets, checking employee rates of pay, running reports, making any necessary payroll changes in the payroll system, sending payroll to the payroll processor, distributing checks to thirty locations, and running reports for the Controller.

26. Since approximately 2011, Ms. Paul's duties and position have remained substantially the same. Despite this, Defendants have changed Ms. Paul's status for payroll back and forth from FLSA-exempt to not FLSA-exempt since approximately 2011.

27. Defendants have done this in an attempt to prevent Ms. Paul from collecting minimum and overtime wages owed under the FLSA and NYLL. During substantially all of this the time period, Ms. Paul has been paid on a salary basis, and Defendants have refused to pay her overtime and minimum wages owed under the FLSA and NYLL.

28. Since approximately 2011, Ms. Paul has worked between 70+ hours per week.

29. Ms. Paul does not exercise any discretion or independent judgment in her positions of Payroll Coordinator and Senior Payroll Coordinator. In fact, Ms. Paul has been told several times by Defendant Dempsey that Ms. Paul may not take any actions that have not been cleared by her supervisor, Yomara Hernandez, and the Human Resources Manager, Joy Jasper. Even in cases where a mistake has been made on a check, approval must be obtained from Ms. Jasper before remedial action is taken.

30. Defendants knowingly, willfully, and intentionally committed all of the acts alleged herein.

## FLSA COLLECTIVE ACTION CLAIMS

31. Plaintiff Andrea Paul brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendant on or after the date that is three years before the filing of this Complaint (the "FLSA Collective Period"), as employees of Defendant (the "FLSA Collective").

32. At all relevant times, Plaintiff Andrea Paul, and other members of the FLSA Collective who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

33. At all relevant times, Plaintiff Andrea Paul, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

34. At all relevant times, Plaintiff Andrea Paul, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendant's willful failure to keep records required by the FLSA.

35. The claims of Plaintiff Andrea Paul stated herein are similar to those of the other employees.

## FRCP RULE 23 CLASS ACTION CLAIMS

36. Plaintiff Andrea Paul brings her New York Labor Law claims pursuant to Fed. R. Civ. P. Rule 23, on behalf of all non-exempt employees performing clerical duties employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

37. All said persons, including Plaintiff Andrea Paul, are referred to herein as the "Rule 23 Class."

38. The Rule 23 Class members are readily ascertainable.  The number and identity of the Rule 23 Class members are determinable from the records of Defendant.  The hours assigned

and worked, the positions held, and the rate of pay for each Rule 23 Class member is also determinable from Defendant records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under said Fed. R. Civ. P. Rule 23.

39.     The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court.  Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendant, upon information and belief, there are more than 50 members of the class.

40.     Ms. Paul's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 Class in separate actions.  All of the Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum and overtime compensation.  Defendant's corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Rule 23 Class members similarly, and Defendant benefited from the same type of unfair and/ or wrongful acts as to each Rule 23 Class member.  Plaintiff and other Rule 23 Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

41.     Plaintiff Andrea Paul is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.  Plaintiff Andrea Paul is represented by attorneys who are experienced and competent in both class action and wage and hour employment litigation cases.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Rule 23 Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

43. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

44. There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual class members, including, not limited to:

a. Whether Defendant employed Plaintiff and the Rule 23 Class members within the meaning of the New York law;

b. Whether Plaintiff and Rule 23 Class members are/were paid at least the minimum wage for each hour worked under the New York Labor Law;

c. Whether Plaintiff and Rule 23 Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendant maintained policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

e. Whether Defendant provided wage notices at the time of hiring to Plaintiff and Rule 23 Class members as required by the NYLL;

f. At what common rate, or rates subject to common method of calculation Defendant is and was required to pay Plaintiff and Rule 23 Class members for their work.

**FIRST CAUSE OF ACTION**
*Minimum Wage Under The FLSA*

45. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

46. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the similarly situated FLSA Collective, for some or all of the hours they worked.

47. 29 U.S.C. § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and FLSA Collective members at the statutory minimum wage when Defendants knew or should have known such was due and that failing to do so would financially injure Plaintiff and the FLSA Collective.

**SECOND CAUSE OF ACTION**
*Minimum Wage Under The NYLL*

49. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

50. At all relevant times, Plaintiff and members of the Rule 23 Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

51. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Rule 23 Class members, for some or all of the hours they worked.

52. Defendants knowingly and willfully violated Plaintiff's and Rule 23 Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

53. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*; liquidated damages equal to one hundred percent (100%) after April 9, 2011, under the New York Wage Theft Prevention Act; and interest.

### THIRD CAUSE OF ACTION
*Overtime Wages under the FLSA*

54. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

55. Pursuant to 29 USC § 207(a), no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

56. 29 USC § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

57. Defendants' failure to pay Plaintiff and the FLSA Collective members their overtime pay violated the FLSA.

58. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time-and-a-half to Plaintiff and FLSA Collective members for all hours worked in excess of forty (40) hours per workweek, which

violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

60. Defendants willfully failed to notify Plaintiff and FLSA Collective members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives members' labor.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective members.

## **FOURTH CAUSE OF ACTION**
*Overtime Wages Under The NYLL*

62. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

63. An employer who fails to pay overtime wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011; one hundred percent (100%) under NY Wage Theft Prevention Act; and interest.

64. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and Rule 23 Class members at one and one half times the hourly rate Plaintiff and Rule 23 Class members are entitled to.

65. Defendants' failure to pay Plaintiff's and Rule 23 Class members' overtime pay violated the NYLL.

66. Defendants' failure to pay Plaintiff and Rule 23 Class members was not in good faith.

**FIFTH CAUSE OF ACTION**
*Violation of NYLL's Record Keeping Requirements*

67. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

68. Defendants did not maintain, establish, and preserve Plaintiff's and Rule 23 Class members' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

69. As a result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class members have sustained damages including loss of earning, in an amount to be established at trial; liquidated damages; prejudgment interest; costs; and attorneys' fees.

70. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class members in order to facilitate their exploitation of Plaintiff's and the Rule 23 Class members' labor.

71. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class members was not in good faith.

## SIXTH CAUSE OF ACTION
*Violation of NYLL's Time of Hire Wage Notice*

72. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

73. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL § 195-1(a).

74. Defendants intentionally failed to provide notice to Plaintiff and the Rule 23 Class members in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his/her first day of employment.

75. Defendants not only did not provide notice to Plaintiff and the Rule 23 Class members at the time of hire, but failed to provide notice to Plaintiff and the Rule 23 Class members even after the fact.

76. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants Fifty Dollars ($50.00) for each workday that the violation occurred or continued to occur, up to Five Thousand Dollars ($5,000.00), together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

### SEVENTH CAUSE OF ACTION
*Violation of NYLL's Pay Stub Requirement*

77. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

79. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and the Rule 23 Class members, and did not provide full and accurate paystub on or after each of Plaintiff's and the Rule 23 Class members' paydays.

80. Due to Defendant's violations of New York Labor Law, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants Two Hundred Fifty Dollars ($250.00) for each workday of the violation, up to Five Thousand Dollars ($5,000.00) for each plaintiff and/or Rule 23 Class member, together with costs and attorneys' fees pursuant to NYLL § 198(1-d).

### EIGHTH CAUSE OF ACTION
*Civil Damages for Fraudulent Filing of IRS Returns*

81. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

82. 26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

83. Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff Andrea Paul is entitled to recover from Defendants: (1) any actual damages sustained by Plaintiff Andrea Paul as a proximate result of the filing of the fraudulent information return (including any costs attributable

to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## NINTH CAUSE OF ACTION
### *Violation of N.Y. Gen. Bus. L. § 349*

84. Plaintiff Andrea Paul repeats and realleges each and every allegation as if fully set forth herein.

85. N.Y. Gen. Bus. L. § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

86. Due to Defendants' violations of N.Y. Gen. Bus. L. § 349, Plaintiff Andrea Paul is entitled to recover from Defendants her actual damages or Fifty Dollars ($50.00), whichever is greater, or both such actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrea Paul, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully requests judgment against Defendants as follows:

a. Authorizing Plaintiff Andrea Paul at the earliest possible time to give notice of this collective action, or that the court issue such notice, to the FLSA Collective members. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b. Certification of this case as a collective action pursuant to FLSA;

c. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and

      permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff Andrea Paul and her counsel to represent the FLSA Collective;

d. Certification of this case as a class action pursuant to Fed. R. Civ. P. Rule 23;

e. Designation of Plaintiff Andrea Paul as representative of the Rule 23 Class, and counsel of record as class counsel;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g. A declaratory judgment that Defendants' violation of the provisions of the FLSA has been willful as to Plaintiff Andrea Paul (as well as the prospective collective class members);

h. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

i. A declaratory judgment that Defendants' violation of the provisions of the NYLL has been willful as to Plaintiff Andrea Paul (as well as the prospective collective class members)

j. A declaratory judgment that the practices complained of herein are unlawful under the N.Y. Gen. Bus. L.;

k. An injunction against Defendants; Defendants' officers, agents, successors, employees, representatives; and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

l.  Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid minimum wages, plus liquidated damages;

m.  Pursuant to NYLL §§ 198(1-a), 198(3), & 663(1), damages for the amount of unpaid minimum wages, plus liquidated damages;

n.  Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid overtime wages, plus liquidate damages;

o.  Pursuant to NYLL §§ 198(1-a), 198(3), and 663(1), damages for the amount of unpaid overtime wages, plus liquidated damages;

p.  Awarding Plaintiff Andrea Paul (as well as the prospective collective class members) pre-judgment and post-judgment interest as applicable;

q.  Awarding Plaintiff Andrea Paul (as well as the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

r.  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

s.  Such other and further relief as the Court deems just and necessary.

Dated: New York, New York
January 1, 2018

/s/
Gregory P. Mouton, Jr., Esq.
MoutonDell'Anno LLP
*Attorneys for Plaintiff Andrea Paul*
305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
gmouton@moutondellanno.com

18 Civ. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA PAUL,

Plaintiff,

-against-

ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK and CATHOLIC CHARITIES COMMUNITY SERVICES, ARCHDIOCESE OF NEW YORK,

Defendant.

FRCP RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT

MOUTONDELL'ANNO LLP

305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481