USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANDREA PAUL,                                :

                Plaintiff,          :      18 Civ. 2 (HBP)

  -against-                                :      OPINION
                                     AND ORDER
ROMAN CATHOLIC ARCHDIOCESE OF               :
NEW YORK, et al.,
                                     :

                Defendants.
                                     :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        I held settlement conferences in this matter on June 7, 2018 and September 10, 2018.  A settlement was reached at the September 10, 2018 conference, and this matter is now before me on the parties' joint application to approve the settlement (Letter of Gregory P. Mouton, Jr., Esq., to the undersigned, dated Oct. 29, 2018 (Docket Item ("D.I.") 26) ("Mouton Letter")).  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that she has been employed by defendants since approximately 2002 and has worked as a payroll coordinator since approximately 2011 (Complaint, dated Jan. 1, 2018 (D.I. 1) ("Compl.") ¶¶ 18, 25).  Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay her the statutory minimum wage and overtime premium pay, failed to maintain her payroll records properly and failed to provide her with wage notices and wage statements (Compl. ¶¶ 45-80). According to plaintiff, defendants owe her approximately $111,000 in unpaid wages, $111,000 in liquidated damages and $10,000 in statutory damages for wage notice and wage statement violations.

Defendants deny plaintiff's claims and maintain that neither the FLSA nor the NYLL applied to defendants, and even if they did, plaintiff was properly characterized as exempt. Defendants also contend that plaintiff worked fewer hours than she claims. Finally, defendants contend that plaintiff received wage notices and wage statements and that they have copies containing plaintiff's signature.

As noted above, I presided over two settlement conferences. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, I made a mediator's proposal that the matter settle for the total sum of $90,000 and an agreement that defendants would not terminate plaintiff's employment without good cause until she reaches age 65. Any disputes concerning defendants' termination of plaintiff's employment would be subject to arbitration. The

2

parties agreed to the material terms of the settlement and submitted their proposed settlement agreement for judicial approval on November 30, 2018 (Negotiated Settlement Agreement, annexed to Mouton Letter (D.I. 26-1) ("Settlement Agreement")).

> Court approval of an FLSA settlement is appropriate
>
> > "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but

>  not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $60,000 after the deduction of attorneys' fees and costs -- represents more than 25% of her total alleged damages and 54% of her claimed unpaid wages. This percentage is reasonable, especially given plaintiff's potential legal obstacles to recovery. See Gervacio v. ARJ Laundry Servs. Inc., 17 Civ. 9632 (AJN), 2019 WL 330631 at *1 (S.D.N.Y. Jan. 25, 2019) (Nathan, D.J.) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable); Beckert v. Ronirubinov, 15 Civ. 1951 (PAE), 2015 WL 8773460 at *2 (S.D.N.Y. Dec. 14, 2015) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in

this matter would have led to protracted and costly litigation, likely involving multiple depositions and extensive document discovery.  The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation.  Defendants denied plaintiff's allegations and presented compelling legal and factual obstacles to plaintiff's possible recovery.  Given these obstacles and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel.  As noted above, the final settlement terms were suggested by the undersigned.

Fifth, there are no factors here that suggest the existence of fraud.  The fact that I suggested the settlement terms conclusively negates the possibility of fraud or collusion.

Finally, the Settlement Agreement provides that $30,000 will be paid to plaintiff's counsel for attorneys' fees, out-of-pocket costs and disbursements (Settlement Agreement ¶ 2(a)(k)).  I find plaintiff's counsel's request for $30,000 -- one-third of the total settlement -- to be reasonable and appropriate.  See

5

Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").  Thus, plaintiff's counsel is awarded $30,000 for attorneys' fees, costs and disbursements.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the

action is dismissed with prejudice and without costs.  The Clerk

is respectfully requested to mark this matter closed.

Dated:   New York, New York
         March 22, 2019

                                   SO ORDERED

                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies transmitted to:

All Counsel

7